UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAMUEL HARDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-0802-TWP-TAB |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| "Corizon", and Nurse LOICE MUKONA, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

**I. BACKGROUND**

Samuel Hardley ("Mr. Hardley") is a former Indiana state prisoner who at all times relevant to the complaint was confined at the Plainfield Correctional Facility ("Plainfield"). He has since been released from the Indiana Department of Correction ("IDOC"). Mr. Hardley alleges in his Complaint that defendants Corizon LLC (named as Correctional Medical Services in the Complaint) and Nurse Practitioner Loice Mukona ("Nurse Mukona") (collectively, "Defendants") were deliberately indifferent to his serious medical needs in violation of his rights secured under the Eighth Amendment to the Constitution. Other defendants were dismissed in the Court's screening Entry of May 21, 2014. Mr. Hardley seeks compensatory and punitive damages.

Defendants have filed a Motion for Summary Judgment (Filing No. 15) seeking resolution of the claims against them based on their affirmative defense that Mr. Hardley failed to exhaust his available administrative remedies prior to filing this action. Mr. Hardley has not responded to the Motion for Summary Judgment.

For the reasons explained in this Entry, Defendants' Motion for Summary Judgment is **GRANTED.**

## II. LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

### III. DISCUSSION

Because exhaustion of administrative remedies is an affirmative defense, "the burden of proof is on the prison officials," *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), to demonstrate that Mr. Hardley failed to exhaust all available administrative remedies before he filed this suit. Defendants' motion was served on Mr. Hardley on September 19, 2014. See Filing Nos. 15 and 17. Mr. Hardley's deadline to respond to the motion was October 20, 2014. No response has been filed. The consequence is that Mr. Hardley has conceded the Defendants' version of the events. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, but does "[r]educ[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Applying the standards set forth above, Defendants have shown the following: Mr. Hardley signed his Complaint on May 14, 2014, and it was filed on May 16, 2014. Mr. Hardley alleges that he was in an automobile accident on April 2, 2014, while he was being transferred from the Marion County Jail to the Corrections Corporation of America. He alleges he suffered injuries to his neck and back. He alleges that once he arrived at Plainfield, he went to medical and told Nurse Mukona that he needed to be seen by a specialist. Nurse Mukona allegedly told Mr.

3

Hardley that Corizon told her that inmates can only see a specialist if they have more than five years to serve.

As an inmate incarcerated with the IDOC, the Offender Grievance Process was available to Mr. Hardley. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. All offenders are made aware of the Offender Grievance Process during orientation and a copy is made available in various locations within the prisons, including the law library.

The grievance process consists of three steps. First, an offender must attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter subject to the grievance and seeking informal resolution.

If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I grievance) to the Executive Assistant of the facility. Grievance forms are readily available for all offenders. They can be obtained through the inmate's counselor, case manager, unit manager, law library, grievance coordinator's office, or by personal request from any staff member.

If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II Grievance Appeal) within ten (10) working days from the date of receipt of the grievance response. The Offender Grievance Process is not complete until the inmate receives a response to his or her appeal. All three steps of the IDOC grievance policy must be completed to exhaust the administrative remedy process.

Mr. Hardley did not file any grievances relating to the incidents at issue in the present lawsuit. Instead, he filed this lawsuit a mere six weeks after the incident which allegedly caused his reported neck and back pain.

Defendants have met their burden of proving that Mr. Hardley had available administrative remedies that he did not use. Given his failure to respond to the motion for summary judgment, Mr. Hardley has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by Defendants. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Hardley's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. **CONCLUSION**

For the reasons explained above, Defendants' Motion for Summary Judgment ([Filing No. 15](#)) is **GRANTED**. Judgment consistent with this Entry and with the Entry of May 21, 2014, shall now issue.

**SO ORDERED.**

Date: 12/11/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Samuel Hardley
311 West 43rd Street
Indianapolis, Indiana 46208

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekdilloncrandall.com